U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 05-06101

ORDER DENYING REMOVAL OF CHAPTER 7 TRUSTEE AND DENYING OTHER REQUESTED RELIEF

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/02/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 08/04/2006

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Donald H. Nettles,<br><br>Debtor. | C/A No. 05-06101-DD<br><br>Chapter 13<br><br>**ORDER DENYING REMOVAL OF CHAPTER 7 TRUSTEE AND DENYING OTHER REQUESTED RELIEF** |

This matter is before the Court on Larry Nettles' ("Mr. Nettles") Motion *To find out who is in charge of J.P.N. Trust, MBN Trust and Replace Bob Anderson as Trustee* ("Motion"). Both Robert F. Anderson ("Trustee") and Mr. Nettles appeared at the hearing on the Motion. The trustee was represented by counsel.

This case was commenced by involuntary petition and relief was ordered June 29, 2005. Mr. Nettles is a brother of the debtor and a creditor in this case (he was not a petitioning creditor). He also may have other interests, for example, as a co-owner of property or in other capacities. The court's docket contains 25 entries, mostly correspondence, from Mr. Nettles. Because Mr. Nettles is appearing *pro se* the court has treated many of the letters as pleadings requesting relief. From the early days of the case Mr. Nettles has complained about the progress of case administration, demanded answers to questions, sought reconsideration of orders, and been critical of the trustee. The tenor of his criticism has grown increasingly hostile. Chief Judge Waites, who was earlier assigned this case, has dealt with many of the issues raised by Mr. Nettles. Mr. Nettles had become critical of Judge Waites, suggesting that the trustee is in charge of chambers and citing the Judge's failure to schedule hearings as quickly as Mr. Nettles might wish.

I first address Mr. Nettles' request to remove the chapter 7 trustee. Removal of a trustee is governed by 11 U.S.C. § 324 and is ordered only for cause shown. The moving

party has the burden of proof on the issue of removal. The removal of the trustee in any case has an impact on all parties involved, the debtor and *all* creditors. Any motion to remove a trustee must be served on all parties in interest. Judge Waites instructed Mr. Nettles to serve trustee removal motions on all creditors by orders dated February 21, 2006 [ordered generally that Mr. Nettles comply with all rules], March 30, 2006, and April 11, 2006 [specifically addressing service][1]. Mr. Nettles has chosen to proceed in this matter *pro se* and he has a right to do so, though at peril to his interest should he fail to follow procedure or neglect to assert a substantive right.

Mr. Nettles filed this, his third, motion to remove the Trustee on April 7, 2006. He stated at the hearing that he "sent" the Motion to the attorneys involved in the case, but to none of the creditors. Mr. Nettles failed to file a certificate of service and a proposed order as required by SC LBR 9014-1

Although the motion could be denied for lack of proper service, based on Mr. Nettles' *pro se* status and the fact that the Trustee was served with the motion I heard evidence to ascertain whether there might be any merit to Mr. Nettles' complaints about the trustee. Mr. Nettles did not meet his burden of proof and did not show any cause for removal of the

---

[1] Judge Waites addressed these deficiencies in a prior order stating,

> In this case, the Motion submitted by Mr. Nettles fails to comply with SC LBR 9014-1(b)(l) because he did not provide proof of service indicating that copies of the Motion and a proposed order were properly served on appropriate parties, which in this instance are all creditors and parties in interest to this case. The lack of proper service and notice of the Motion to parties in interest also fails to satisfy the requirements of Fed. R. Bankr. 9014. In light of the deficiency and Mr. Nettles' pro se status, Mr. Nettles shall correct all deficiencies on or before April 7, 2006. If Mr. Nettles does not correct the deficiencies within the time prescribed herein, then the Motion shall be stricken or denied.

In re Nettles, C/A No. 05-06101-W, slip op. at 1-2 (Bankr. D.S.C. March 31, 2006).

2

Trustee. Mr. Nettles' only evidence was his narrative testimony, consisting mostly of inadmissible hearsay and accusations based on speculation that lacked foundation. Mr. Nettles referred to a number of letters and other documents during his narrative. Trustee's counsel objected and requested to see some of the documents. Mr. Nettles had several documents marked for identification but did not move them into evidence. Despite this failing, the court reviewed and considered the content of the documents. Mr. Nettles testimony sought to raise issues previously decided in un-appealed orders, noted that trustee reports were allegedly not filed in a timely fashion, and criticized the Trustee's business judgment in the sale of assets and otherwise with regard to the general administration of the bankruptcy estate.

     Mr. Nettles testified that he met with the trustee early on in the case. He claimed that Mr. Anderson was unprofessional in his dealings with him and suggested that this might be a result of a transaction in which he purchased a business from trustee Anderson in an unrelated bankruptcy case many years ago. Mr. Nettles stated that he had been in litigation with his brother, the debtor, for many years. He also disclosed that he hired an attorney to represent him in this bankruptcy but fired him when he determined that the attorney and the trustee had practiced law together (many years ago). Mr. Nettles disputed the trustee's conclusion concerning the ownership of certain stock and complained that the trustee or his attorneys had failed to pay him for his time in compiling information in return to a subpoena, that the trustee was improperly trying to take property from family members or that the trustee improperly inflated his estimate of property values in litigation with family members, and that the trustee could not make up his mind. None of the narrative was supported by any document other than letters Mr. Nettles had written making the same allegations.

3

The power to remove a bankruptcy trustee rests with the court. *In re Savoia Macaroni Mfg. Co.*, 4 F.Supp. 626 (E.D.N.Y. 1933). Removal of a trustee requires more than unsupported inferences but rather a strong showing of cause for removal since removal of a trustee has an adverse impact on the expeditious administration of a bankruptcy estate. *Matter of Carla Leather, Inc.*, 44 B.R. 457 (Bankr. S.D.N.Y. 1984). In general, actual harm to the estate or fraud must be shown. *In re Sheehan*, 185 B.R. 819 (Bankr. D.Az. 1995). The trustee's breach of fiduciary duty, unlawful conduct, criminal conduct, conflict of interest or lack of diligence are all examples of conduct that would justify removal of a trustee, but only when the allegations are supported by the evidence.

A review of the docket in this case shows significant activity on the part of the trustee. Professionals have been employed, examinations of witnesses and potential defendants have taken place, several adversary actions to recover property have been initiated and litigation is being pursued. These activities in furtherance of the administration of the estate in a case that is only now in its second year undercut any minimal weight the unsupported allegations of Mr. Nettles might have. Mr. Nettles' proof fell so short of establishing cause for removal that the Court did not permit the trustee an opportunity to cross examine him.

The other relief requested in the present Motion is to "find out who is in charge of J.P.N. Trust, MBN Trust. . . ". The request for relief does not raise a case or controversy invoking this Court's jurisdiction. Mr. Nettles essentially asks this Court to function as an investigator for him and determine the status of two trusts created and governed by state law. American courts adjudicate disputes. There is no case or controversy raised by the motion and no relief can be granted.

4

At the hearing Mr. Nettles complained that the quarterly reports ordered by Judge Waites on February 21, 2006 were not submitted by the trustee in timely fashion. In his order Judge Waites states, "…the Court has requested the Trustee and his counsel file quarterly written status reports which will be available on the public docket to Mr. Nettles and all parties in interest." *In re Nettles*, C/A No. 05-06101-W, slip op. (Bankr. D.S.C. Feb 21, 2006). To the extent the reporting requirement needs clarification, the reports should be filed for calendar quarters. All future reports are due on the last day of the month following the end of a calendar quarter. The most recent report, to the extent that it does not cover a calendar quarter, must be amended within ten (10) days of the entry of this order. Mr. Nettles also complained that the Trustee had not sent him the most recent quarterly report and was under an obligation to do so. Judge Waites' order is clear; it requires that the Trustee file the reports with the Court so they are "available" to Mr. Nettles. The trustee is under no obligation to serve each quarterly report upon Mr. Nettles personally.

The Trustee filed a response to the Motion and asked this Court to consider sanctioning Mr. Nettles. The Trustee's request for sanctions is not properly before the Court, as Mr. Nettles was not afforded proper notice. I take this opportunity to express my concern with what I consider the lack of civility between the parties. The American judicial system is an adversary system; simply meaning that opposing parties present, under established rules and procedures, a dispute in which they have an interest to an impartial decision maker. It in no way suggests that the parties are free to express hostility towards one another. This Court will not tolerate from either party any language in any document, pleading, or motion, or conduct at any hearing that is not civil in tone or that is vulgar, offensive or threatening.

5

While sanctions were not considered today[2], sanctions may be appropriate for procedurally deficient motions filed in the future and for incivility, vexatious litigation, or the raising of objections and requests for relief that are without merit.

Mr. Nettles has made it a practice to write letters to the Court and to provide copies of letters addressed to others to the Court. There should be no further correspondence addressed or copied to the Court or the presiding judge (other than cover letters for pleadings, when necessary or correspondence permitted by chambers guidelines – for example timely requests to reschedule or continue a hearing), as such is improper *ex parte* communication and an attempt to influence the court. F.R.Bankr.P. 9003(a) prohibits "*ex parte* meetings and communications with the court concerning matters affecting a particular case or proceeding." Judges should only consider evidence presented or developed in the courtroom, not extra judicial statements. All requests for relief must be in the form of pleadings, and no other form of communication with the court is permitted. Any further correspondence will be disregarded and may be cause for sanctions against the offending party.

It is Therefore:

**ORDERED** that the requirements set out above be followed by the parties; and it is further

---

[2] Judge Waites previously warned as to the possibility of sanctions in two separate orders, dated February 21, 2006 and March 30, 2006, stating,

> Any future matters to be received from [Mr. Nettles] shall be required to be in the form of captioned pleadings in compliance with the local rules, and which request specific relief before they shall be considered or acted upon by the Court. Furthermore, Mr. Nettles shall be subject to all requirements of the Bankruptcy Code, Rules, and the local rules and should be aware that unnecessary litigation could subject him to sanctions or requests for expense reimbursement.

*In re Nettles*, C/A No. 05-06101-W, slip op. at 1-2 (Bankr. D.S.C. March 31,2006) (*quoting In re Nettles*, C/A No. 05-06101-W, slip op. (Bankr. D.S.C. Feb 21, 2006)).

**ORDERED** that Mr. Nettles' Motion to remove the Trustee is DENIED; and it is further

**ORDERED** that Mr. Nettles' Motion to find out who is in charge of J.P.N. Trust, and the MBN Trust is DENIED; and it is

**ORDERED** that all future requests for relief must be by motion or adversary proceeding, where necessary and required by Fed. R. Bankr. P. 7001.  Pleadings must be properly served on all parties entitled to notice, and service must be reflected by certificate of service filed at the same time as the motion.  All pleadings must be properly captioned and must otherwise comply with the Bankruptcy Code and all applicable federal and local rules.  Any motion filed by Mr. Nettles shall be accompanied by a memorandum of fact and law to ensure a proper factual predicate for the filing of the motion and to assist Mr. Nettles by requiring research to determine that there is a proper legal basis for all relief he might request.  Pleadings will not be considered or set for hearing unless these requirements are met.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
August 2, 2006

7